IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-00375-RPM

SUNCOR ENERGY (U.S.A.) INC.,

    Plaintiff,

v.

UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, and USW LOCAL UNION 12-477,

    Defendants.

---

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

---

Plaintiff Suncor Energy (U.S.A.) Inc. ("Suncor" or "Company"), brought this civil action against the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, and USW Local Union 12-477 ("Local 12-477") (collectively, the "Union"), for declaratory judgment that a grievance filed on behalf of employee Jeff Parker is not subject to arbitration under the Collective Bargaining Agreement ("CBA") between the parties. The Union counterclaimed seeking a declaratory judgment of arbitrability and an order compelling arbitration of the dispute. Both parties submitted motions for summary judgment with attachments. The issue is whether the question of arbitrability is to be decided by the arbitrator or this court. Because the underlying grievance depends upon an interpretation of the meaning of two articles of the CBA, the Union's motion is granted.

Jeff Parker applied for a posted Shutdown Mechanical Coordinator Special Assignment position in February, 2010.  He was not selected because there was no backup for his regular position as Reliability Technician responsible for the fire water safety system at Suncor's refinery in Commerce City, Colorado.  A grievance was filed claiming a violation of Article XXV, an anti-discrimination provision, reading as follows:

> There shall be no discrimination of any kind against any employee by any supervisor, manager, or other person in the employ of the Company or by the Union, its agents, officers, representatives, or members.
>
> The Company and the Union agree to follow a policy of non-discrimination on the basis of race, color, religion, national origin, age, sex, handicap, marital status, and the Vietnam Veteran Readjustment Act.

The plaintiff claims that under the management rights clause it has the right to modify work assignments which is not subject to arbitration by its express terms.  Article XXIII provides that right and contains the following language:

> The exercise of the responsibilities of the Company may be grieved, but shall not be subject to arbitration or mediation provided that the exercise of such rights, are not in violation of the express terms of this Agreement.

The issue is whether the Parker grievance is based on a violation of the terms of Article XXV.  In the initial grievance procedure Parker asserted that there was discrimination against him because there was no backup for his position.  In the answer and counterclaim and in its summary judgment motion the Union claims discrimination because of Parker's union activities.

The plaintiff asks for a delay in deciding this case to permit discovery to show that this is the first time such a claim was made.  It also moved to strike a declaration of

Doug Fennell because of lack of personal knowledge of Parker's grievance. That motion is granted. The declaraton has no bearing on this Court's analysis.

The merits of this dispute depend upon an interpretation of the language used in these two articles of the CBA. The plaintiff contends that the anti-discrimination article must be read to prohibit discrimination of the kind referred to in the express language of the second paragraph while the Union emphasizes "no discrimination of any kind." If that reading is accepted, the question then is whether the discrimination asserted is "a violation of the express terms of the agreement" and thus excepted from the exclusion of arbitration in Article XXIII. These are questions of interpretation of the CBA subject to arbitration under Section 4 of Article V of the CBA, reading as follows:

> The only grievance which shall be arbitrable shall be those meeting the following conditions:
>
> a. Grievances arising between the Union and the Company relating only to the interpretation or performance of this Agreement which cannot be adjusted by mutual agreement.
>
> b. The grievance specifically designates the express provision or provisions of this Agreement alleged to have been violated, and the manner in which it or they have been violated.

The subsidiary procedural question of the sufficiency of the grievance filed for Parker in meeting the requirement of paragraph b is also a matter of contract interpretation to be decided by the arbitrator.

For these reasons, it is

ORDERED, that the plaintiff's motion for summary judgment is denied and the defendants' motion for summary judgment is granted.  The Clerk shall enter judgment declaring that the arbitrability of the Parker grievance is to be determined by the arbitrator and compelling the plaintiff to proceed with arbitration under the procedures of the CBA.  The plaintiff's motion to strike the Fennell declaration is granted.

Dated:   July 12th , 2011

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge